# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JULIAN J. MILLER,**

        Plaintiff,

        -vs-                                      Case No. 16-CV-204

**JIM SCHWOCHERT,**
**LT. PEACHY,**
**CO KITZMAN,**
**R. PHILLIPS, Security Director, and**
**CO JOHN DOE,**

        Defendants.

## DECISION AND ORDER

This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's amended complaint.

The plaintiff has been assessed and paid an initial partial filing fee of $8.85. The Court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A.  Complaint Allegations

The plaintiff, Julian, Miller, is a state prisoner who is currently incarcerated at Green Bay Correctional Institution. The defendants are all employees of the Wisconsin Department of Corrections who worked at Dodge Correctional Institution (Dodge) on February 20, 2010, when the plaintiff was an inmate at Dodge house on the second floor.

- 3 -

On February 20, 2010, defendants Kitzman, Doe, and Peachy came to the plaintiff's cell and had him place his hands through the trap in the cell door. The plaintiff asked them to be easy on his wrist due to past breaks. As defendants Kitzman and Doe escorted the plaintiff down the stairs, the plaintiff asked CO Reyes why a conduct report had been written. Peachy told the plaintiff to "shut up," and Kitzman applied more pressure to the plaintiff's wrists, which caused the plaintiff to tense his wrists so they were not as flexible. (ECF No. 9 at p. 2). Kitzman commented on the plaintiff tensing up, and then Peachy grabbed the plaintiff's throat and tilted his head back. The plaintiff started choking because he had a Jolly Rancher candy in his mouth. The plaintiff could not tell Peachy what was happening until after the candy went down his throat.

The plaintiff began walking, but Peachy again grabbed the plaintiff's throat and tilted his head back and asked, "Are you going to go like a man or a girl?" (ECF No. 9 at p. 3). The plaintiff replied that he would continue walking, but Peachy continued to choke the plaintiff and hold his head back all the way to Unit 20. The plaintiff had great difficulty breathing and almost lost consciousness, which made him fear for his life. Doe and Kitzman followed behind, but never stopped the choke hold.

Kitzman placed the plaintiff in a holding cell and gave him an orange jumpsuit. The plaintiff complained that his left wrist was hurting and asked

to see a nurse. Kitzman left and then returned and told the plaintiff to give back the orange jumpsuit because it was dirty. Kitzman left again and came back with a control suit. The plaintiff was placed in the control room, where he had trouble sleeping due to the rubber mat and the cold temperature.

The plaintiff filed a complaint, and defendant Phillips conceded that excessive force was used. The plaintiff believes that at least one other inmate before him complained about Peachy's use of a choke hold. The plaintiff asserts that defendants Phillips and Schwochert did not take any corrective actions (such as training or discipline) after either the plaintiff's complaint or the complaint from another inmate.

**B.    Legal Analysis**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "Thus, a § 1983 plaintiff must establish that prison officials acted wantonly; negligence or gross negligence is not enough." *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (citing *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005)).

At this stage, the Court will allow the plaintiff to proceed on Eighth Amendment claims against defendants Peachy, Kitzman, and Doe regarding

their use of force and/or failure to intervene to stop the use of force by others. The plaintiff also may proceed on Eighth Amendment claims against Kitzman and Peachy that they subjected him to the conditions of confinement in the control room for no justifiable reason.

Once the complaint is served and the defendants have answered, the plaintiff should use written discovery to learn the identity of CO John Doe and then file a motion to substitute that name for defendant CO John Doe. If the plaintiff has difficulty determining the identify of CO John Doe, he should ask the court for assistance in conducting the necessary investigation. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

The Court now turns to the plaintiff's claims against defendants Phillips and Schwochert. First, the plaintiff does not state a claim against defendant Phillips regarding his involvement in the plaintiff's inmate complaint. The plaintiff admits that Phillips conceded that excessive force was used. In any event, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir.2007).

Second, the plaintiff suggests that defendants Schwochert and Phillips knew about another inmate's complaint about Peachy's use of a choke hold and failed to take action. He suggests that if Schwochert and Phillips had investigated the earlier complaint or taken corrective action such as discipline

- 6 -

or training, Peachy would not have used a choke hold on the plaintiff.

In the Eighth Amendment context, failure to train claims may only be maintained against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). In this case, the plaintiff makes no official capacity claims and does not seek injunctive relief. The Court thus considers the plaintiff's claims against Schwochert and Peachy as individuals.

"The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be personally responsible for the deprivation of the constitutional right." *Id.* (citations omitted). Defendants may be personally responsible if they "directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Id.* A supervisor may be liable for deliberate indifference to the misconduct of subordinates if the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye for fear of what might be seen. *Id.*

In Sanville, the plaintiff accused the defendants of tolerating a number of very specific transgressions. *Id.* Nonetheless, the Seventh Circuit concluded that none of those allegations suggested that the wardens were personally responsible for any deprivations or that the wardens had "turned a blind eye" to any particular conduct. *Id.*

The plaintiff's only allegation regarding prior conduct is his belief that

an unnamed inmate had previously made a complaint about Peachy's use of a choke hold. This is not enough to state a claim that Schwochert or Phillips were deliberately indifferent by not investigating the situation, disciplining Peachy, or training Peachy and other guards regarding the use of choke holds. The conclusory allegations lack personal involvement by the defendants and do not rise to the level of deliberate indifference. The Court will dismiss defendants Schwochert and Phillips.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Jim Schwochert and R. Phillips are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Lt. Peachy and CO Kitzman.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants who are served shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

- 8 -

Case 2:16-cv-00204-LA   Filed 05/18/16   Page 8 of 10   Document 11

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.15 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 10 -

Case 2:16-cv-00204-LA   Filed 05/18/16   Page 10 of 10   Document 11